UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLAYTON R. COLLINS,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 14-cv-144-JPG

Criminal No 12-cr-30139-GPM

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Clayton R. Collins' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

### I.  Background

On February 4, 2013, the petitioner pled guilty to five child sex or child pornography offenses. On the same day, the Court sentenced the petitioner to serve lengthy sentences on each count, the longest of which was 300 months in prison on Count 1 for enticement of a minor using the internet. During these proceedings, Collins was represented by an assistant federal public defender employed by the federal government. The petitioner did not appeal his conviction to the United States Court of Appeals for the Seventh Circuit.

In his § 2255 motion, filed February 10, 2014, the petitioner raises the following claims:

Ground 1:  His counsel was constitutionally ineffective in violation of the Sixth Amendment because he failed to inform Collins that he had a conflict of interest because he was employed by the federal government and was considered an officer of the court, which rendered Collins' consent to representation uninformed;

Ground 2:  His May 24, 2012, indictment was too long after his October 24, 2011, arrest; and

Ground 3:  There was no "ratification for commencement," and he was not prosecuted in this case in the name of the real party in interest.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of

the prior proceedings that the petitioner is not entitled to relief on any of the stated grounds.

**II.      Analysis**

    A.      Ground 1

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  This right to assistance of counsel encompasses the right to *effective* assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).  A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel.  *Wyatt*, 574 F.3d at 458.  The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance.  *Id.*  The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458.

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable.

*Jones*, 635 F.3d at 915; *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006). "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome." *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

In a case where a petitioner pled guilty as a result of alleged ineffective assistance of counsel, to satisfy the first prong of the *Strickland* test, the petitioner must show that his counsel's advice leading to the plea was outside the range of professionally competent assistance. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann*, 397 U.S. at 771); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)). To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for his counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial. *Hill*, 474 U.S. at 58; *United States v. Parker*, 609 F.3d 891, 894 (7th Cir. 2010); *Wyatt*, 574 F.3d 455 at 458; *Richardson v. United States*, 379 F.3d 485, 487 (7th Cir. 2004). Counsel's deficient performance must have been a decisive factor in the defendant's decision to enter a guilty plea. *Wyatt*, 574 F.3d at 458; *see Julian v. Bartley*, 495 F.3d 487, 498 (7th Cir. 2007). To make such a showing, the petitioner must present objective evidence that he would not have entered a guilty plea; his own self-serving testimony that he would have insisted on going to trial is not enough. *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011); *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991)); *see Wyatt*, 574 F.3d at 458 (stating "a defendant's mere allegation that he would have chosen a path other than the conditional plea is insufficient by itself to establish prejudice.").

Counsel's failure to inform Collins that he was a government employee and an officer of the court was not deficient performance. All attorneys are considered "officers of the court" in the sense that they are "obliged to obey court rules" and owe "a duty or candor to the court."

*Black's Law Dictionary* 1119 (8th ed. 2004).   Simply being an attorney officer of the court while at the same time representing a criminal defendant does not create a conflict of interest.   In fact, being an attorney officer of the court is a *prerequisite* for representing a criminal defendant.   Counsel's failure to explicitly inform Collins that he was an officer of the court did not constitute deficient performance.

Nor was it deficient not to explicitly inform Collins his counsel was employed by the federal government.   Employment of counsel by the federal government does not create a conflict of interest.   The Sixth Amendment right to effective assistance of counsel includes a right to conflict-free counsel.   *Holloway v. Arkansas*, 435 U.S. 475, 481-82 (1978) (citing *Glasser v. United States*, 315 U.S. 60 (1942)); *see Cuyler v. Sullivan*, 446 U.S. 335, 345 (1980).   Attorneys who appear in court owe their allegiance to their clients, within the bounds of court rules, and not to anyone else, and when that allegiance is divided between two opposing interests, a conflict exists.   Conflicts can exist where counsel represents multiple defendants or where counsel's own interests conflict with his client's.   *Freeman v. Chandler*, 645 F.3d 863, 868-69 (7th Cir. 2011), *cert. denied*, 132 S. Ct. 1943 (2012).   Where there is an actual conflict, a § 2255 petitioner must only show an adverse effect on the attorney's performance; prejudice is presumed.   *Id.* at 869 (citing *Cuyler*, 446 U.S. at 349-50).   Where there is no actual conflict, the *Strickland* ineffective assistance of counsel test is applied.   *Id.*

In this case, Collins implies his counsel has a conflict between Collins' interests and his counsel's interest in his employment.   However, mere employment by the federal government does not create an actual conflict of interest with representation of a criminal defendant in federal court.   Counsel does not face a choice between his own employment interests and his client's interests.   In fact, their interests are aligned; if a federal public defender succeeds in getting a good result for his client, he is more likely to keep his job.   Furthermore, Collins has not described any

example of how any alleged conflict adversely affected his counsel's performance.   Because there was no actual conflict posed by counsel's federal employment and no adverse performance by counsel, counsel's failure to explicitly inform Collins that he was a federal employee did not constitute deficient performance.

More importantly, Collins has not alleged he suffered any prejudice from the failure to disclose these facts about his counsel.   He has not even alleged, much less pointed to any objective evidence, that he would not have pled guilty and instead would have gone to trial had he known his counsel was employed by the federal government and was an officer of the court.   Nor has he alleged that he would have represented himself to avoid being represented by "an officer of the court" or that he would have retained his own attorney to avoid being represented by an attorney paid by the government.

For these reasons, it is clear on the face of Collins' motion that he did not receive constitutionally deficient counsel as alleged in Ground 1.

B.     Ground 2

In Ground 2, Collins alleges he was arrested on October 24, 2011, but was not indicted until May 24, 2012.   He believes this violated the Speedy Trial Act, 18 U.S.C. § 3161(b), which requires an information or indictment to be filed within thirty days of the date of arrest.

Ground 2 is not cognizable in this § 2255 proceeding.   The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States."   28 U.S.C. § 2255.   However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations."   *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).   "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage

of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted).  A defendant cannot raise in a § 2255 motion nonconstitutional issues that he failed to raise on direct appeal regardless of cause for and prejudice from that failure.  *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).   Collins argument based on an alleged failure to comply with the Speedy Trial Act raises a nonconstitutional issue that he did not raise on direct appeal.[1]

Even if Collins were to frame the issue as ineffective assistance of counsel based on the failure to object to the delay between his arrest and indictment, his argument would not succeed.  Counsel is not deficient for failing to make a frivolous or losing argument, *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013); *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001), and this argument had no chance of success.  Collins' arrest warrant is in the record of his criminal proceeding and reflects an issuance date of May 24, 2012, and an execution date of June 15, 2012 (Case No. 12-cr-30139-GPM, Docs. 4 & 15).  Thus, it is plain from the record of Collins' criminal proceeding that he was not arrested more than thirty days after his May 24, 2014, indictment.  Collins is likely confused because he had been arrested and was in state or local custody before his arrest on federal charges (*see* Motion for Writ of Habeas Corpus ad Prosequendum, Case No. 12-cr-30139-GPM, Doc. 6).  However, an arrest by state or local law enforcement officers on state charges does not trigger the Speedy Trial Act's thirty-day period.  *United States v. Janik*, 723 F.2d 537, 542 (7th Cir. 1983).  Furthermore, even if the earlier arrest had been by federal officers, the thirty-day period does not start to run unless a criminal charge has been lodged, *id.*, which did not occur until Collins' May 24, 2014, indictment.  Counsel was not deficient for

---

[1] It is true that the purpose of the Speedy Trial Act is to implement a defendant's Sixth Amendment right to a speedy trial.  *United States v. Janik*, 723 F.2d 537, 542 (7th Cir. 1983).  However, that does not mean every provision of the Speedy Trial Act is a constitutional requirement.

failing to raise this argument, and, for the same reasons, Collins suffered no prejudice from his counsel's failure to do so.

For these reasons, it is clear on the face of Collins' motion that Ground 2 provides no basis for § 2255 relief.

  C.  Ground 3

In Ground 3 Collins states as a basis for §2255 relief, "Lack of Ratification of Commencement," and, "The accused was not prosecuted in the name of the real party in interest." The Court is puzzled as to the nature of this argument, but suspects it is related to a frivolous theory sometimes advanced by those in "sovereign citizen" movements.   As the Court understands it, the theory involves Federal Rule of Civil Procedure 17(a), which deals with the real parties in interest in civil cases.   Rule 17(a) provides that, where a civil case is not brought by the real party in interest, it can be dismissed if the real party in interest fails to ratify the commencement of the action by the plaintiff or fails to be substituted or joined as a plaintiff.   Advocates of the "ratification of commencement" theory believe this civil rule also applies in criminal cases. Criminal defendants rely on this theory to argue that the United States, the plaintiff in federal criminal cases, is not the real party in interest because the United States has not been injured by the defendant and that the action against the defendant is invalid until and unless a person the defendant has actually injured ratifies the United States' commencement of the criminal action. *See, generally,* Samuel L. Davis, *Ratification of Commencement*, Freedom School (Mar. 10, 2010), http://www.freedom-school.com/law/ ratification-of-commencement.html.   This, of course, never happens.

Ground 3 is not cognizable in a § 2255 proceeding because it raises a nonconstitutional issues that Collins failed to raise on direct appeal.   *Sandoval v. United States*, 574 F.3d 847, 850

(7th Cir. 2009); *Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).

Even if Collins were to frame the issue as ineffective assistance of counsel based on the failure to object to the United States' serving as the plaintiff in his criminal case, his argument would not succeed. Counsel is not deficient for failing to make a frivolous or losing argument, *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013); *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001), and this argument had no chance of success. As noted above, the "ratification of commencement" theory has no legitimacy in criminal cases. Crimes have long been viewed as offenses to the sovereignty of a government that are brought about by disobedience to the government's laws. *See Heath v. Alabama*, 474 U.S. 82, 88 (1985). Thus, because it is the peace and dignity of the United States that is assaulted by a violation of its laws, *see id.*; *United States v. Long*, 324 F.3d 475, 478 (7th Cir. 2003), the United States is the injured party in federal criminal cases, and federal criminal cases are properly brought in its name. For this reason, Ground 3 does not justify § 2255 relief.

### III.    Certificate of Appealability

The Court further declines to issue a certificate of appealability in this case. A § 2255 petitioner may not proceed on appeal without a certificate of appealability. 28 U.S.C. § 2253(c)(1); *see Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004)*; Ouska*, 246 F.3d at 1045. To make such a showing on a substantive ground for relief, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord*

*Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). To make such a showing where the Court denies relief on procedural grounds, the petitioner must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added); *accord Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012). Disputes about procedural or statutory issues in a case cannot justify a certificate of appealability unless "a substantial constitutional issue lurks in the background, and the statutory question is independently substantial." *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (question of a petition's timeliness) (citing *Slack*, 529 U.S. at 483-85).

The Court finds that Collins has not made a showing that reasonable jurists would find the constitutional claims debatable or that any debatable constitutional claims "lurk in the background" of any nonconstitutional issues. Accordingly, the Court declines to issue a certificate of appealability.

**IV.    Conclusion**

For the foregoing reasons, the Court **DENIES** Collins' § 2255 motion (Doc. 1), **DISMISSES** this case with prejudice and **DIRECTS** the Clerk of Court to enter judgment accordingly. The Court further **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**
**DATED: April 21, 2014**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**